# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **VEDOL** | **CIVIL NO. 6:15-cv-2665** |
| **VERSUS** | **JUDGE REBECCA F. DOHERTY** |
| **LEADING HEALTH CARE OF LOUISIANA INC** | **MAGISTRATE JUDGE CAROL WHITEHURST** |

## REPORT AND RECOMMENDATION

Before the Court on referral from the District Judge is a Joint Motion for Settlement Approval and to Dismiss [Rec. Doc. 53] following a settlement in this case which has been conditionally certified as a collective action under Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq. Under the proposed Settlement Agreement, Plaintiffs Kristain Areana Vedol and Beverly Salter, and all the opt-in Plaintiffs, will receive a pro rata share in back pay equivalent to a certain percentage of the back pay in dispute, described in detail in the Settlement Agreement and Release.[1] As described in the Settlement Agreement and Release, Kristain Areana Vedol will be paid a fee for her efforts in prosecuting this case out of the Gross Settlement Amount and Attorney Kenneth D. St. Pe' will be paid Attorney's fees in the percentage stated out of the Gross Settlement Amount. The action will be dismissed with prejudice and except as provided in the proposed settlement agreement, each party will bear its own attorney's fees and

---

[1] The Settlement Agreement and Release negotiated by the parties includes confidentiality provisions. Thus, the Court has reviewed a copy of the Settlement Agreement and Release which was emailed to chambers at the same time this Motion was filed.

costs. For the following reasons, it is recommended that the Joint Motion for Settlement Approval and to Dismiss the Collective Action With Prejudice [Rec. Doc. 53] be GRANTED.

## BACKGROUND

Defendant is a home health services provider who employed Plaintiffs at various times as home health workers, also known as Direct Service Workers (DSWs). Generally, DSWs work with individuals with special needs to provide services and assistance with daily living. *R. 53*. For years, persons performing the duties of a DSW were considered exempt from the overtime requirements of the FLSA. An amendment to the Home Healthcare Exemption to the FLSA in January 1, 2015 arguably changed that exemption. *Id.*

Plaintiffs Kristain Areana Vedol ["Vedol"] and Plaintiff Beverly Salter ["Salter"] held the DSW position from April 2015 to October 28, 2015, and from October 1, 2009 to present, respectively. Vedol, individually and on behalf of others similarly situated, filed a collective action on November 11, 2015 in this Court, alleging violations of the FLSA. She specifically alleged that Defendant improperly classified her and others similarly situated as exempt employees who were not required overtime compensation pursuant to the FLSA. *R. 1*. This Court conditionally certified the class pursuant to 29 USC § 216(b) on August 29, 2016. *R. 15*. The conditionally certified class consisted of all current and former DSWs who were classified as exempt at any time between

January 1, 2015 and November 8, 2015. *R. 53*.

On March 22, 2016, Plaintiff, Beverly Salter filed a FLSA Collective Action and Rule 23 Class Action against Leading Health Care of LA, Inc. in the 14th Judicial District Court, Parish of Calcasieu, State of Louisiana, alleging FLSA and various state law claims. Salter's claim was removed to Federal Court on April 11, 2016. On June 13, 2016, this Court, dismissed the state law claims and the Rule 23 Class Action, leaving only the FLSA Collective Action. On December 12, 2016, the Vedol and Salter cases were consolidated. *R. 39.* On August 4, 2017, the parties filed a Joint Motion for Settlement Approval and to Dismiss [Rec. Doc. 53] following a settlement in this case.

## **LAW AND ANALYSIS**

Because this case has been conditionally certified as a collective action under the FLSA, this Court must approve the settlement before it may be finalized. *Legros v. Mud Control Equip., Co.*, No. CV 15-1082, 2017 WL 925730, at 1 (W.D. La. Mar. 6, 2017) (citing *Rivas v. Beaucoup Crawfish of Eunice, Inc.*, 2014 WL 5488390, *2 (W.D. La. 2014), *Brooklyn Sav. Bank v. Oneil*, 324 U.S. 697 (1945); *Camp v. Progressive Corp.*, 2004 WL 2149079 (E.D. La. 2004); and *Liger v. New Orleans Hornets NBA Limited Partnership*. 2009 WL 2856246 (E.D. La. 2009)). Before the Court may approve a settlement in a collective action brought under the FLSA, it must first determine whether the settlement involves the resolution of a *bona fide* dispute over an FLSA provision and then decide whether the settlement is fair and reasonable. *Id.* (citing *Camp* at 4); see also *Lynn's Food Stores, Inc. v. United States*,

3

679 F.2d 1350, 1352-55 (11th Cir. 1982), *Jarrad v. Southern Shipbldg. Corp.*, 163 F.2d 960 (5th Cir. 1947); and *Stalnaker v. Novar Corp., 293 F.Supp.2d 1260, 1263* (M.D. Ala. 2003).

In the instant case, the Parties vigorously dispute (1) whether Plaintiffs were properly classified as exempt employees, (2) whether Plaintiffs were entitled to statutorily mandated overtime and (3) whether Vedol and Salter and any opt-in Plaintiffs are "similarly situated" under the applicable law. Thus, the Court finds the instant action presents a *bona fide* dispute over FLSA provisions because these issues are sufficient for this Court to find "that genuine uncertainty as to the outcome existed" for each side. *Id.* at 2.

In determining whether a settlement is fair, adequate and reasonable, the Court should consider the following six factors: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiffs' success on the merits; (5) the range of possible recovery; and (6) the opinions of the class counsel, class representatives, and absent class members. *Id. citing Reed v. General Motors Corp.*, 703 F.2d 170, 172 (5th Cir. 1983) *citing Parker v. Anderson*, 667 F.2d 1204, 1209 (5th Cir. 1982). When considering these factors, the court should keep in mind the "strong presumption" in favor of finding a settlement fair. *Id.*

4

The Court will address each of the Six Factors in turn:

(1) The Existence of Fraud or Collusion Behind the Settlement - The parties have represented to the Court that there is no fraud or collusion behind the settlement. *R. 53, p. 6*. In addition, this Court may presume that no fraud or collusion occurred between counsel, in the absence of any evidence to the contrary. *Camp*, 2004 WL 2149079 at 7 *citing* 4 Newberg on Class Actions § 11.51 (4th ed.); *Liger*, 2009 WL 2856246 at 3. Moreover, since this case was filed in 2015, counsel for the parties have vigorously represented and advanced the position of their clients, engaging in sufficient informal discovery and ample investigation, and competently addressing the issues presented in this litigation. Furthermore, given the Court's active role in overseeing this litigation and the attendance by the parties at court ordered conferences on April 25, 2017 and July 31, 2017, which culminated in the proposed Settlement Agreement, it is clear that the settlement has been arrived at by arms-length bargaining and good faith negotiations. Thus, the first factor favors approval of the settlement as fair, adequate and reasonable.

(2) The Complexity, Expense, and Likely Duration of the Litigation - This FLSA action presented multiple complex legal issues which have been vigorously litigated by experienced counsel, at significant expense. Had a settlement not been consummated, the Court is of the opinion that this case would likely have remained in litigation for a significant amount of time, causing the parties to incur significant

additional expense. The parties and the Court recognize the expense of bringing and defending against a motion for decertification, and the expense and length and of trial and appeals, which could take several years. Accordingly, the second factor weighs heavily in favor of finding that the settlement is fair, adequate and reasonable.

(3) The Stage of the Proceedings and the Amount of Discovery Completed - This case has been pending nearly two years. During its pendency, the parties have conducted informal discovery, and independent investigations of fact and law throughout this action. Further, counsel for Plaintiffs and Defendant have analyzed the applicable law as applied to the facts discovered regarding Plaintiffs' allegations, Defendant's defenses thereto, and the damages claimed by Plaintiffs. The agreement to settle did not occur until the Parties had engaged in such activities. Counsel for the Parties only entertained settlement possibilities after they possessed sufficient information to make an informed judgment regarding the likelihood of success on the merits and the results that could be obtained through further litigation. Thus, the third factor favors a finding that the settlement is fair, adequate and reasonable.

(4) The Probability of Plaintiffs' Success on the Merits - This case has been litigated by competent lawyers on each side. Accordingly, while at present, the plaintiffs enjoy a high probability of success on the merits, given the competency of defense counsel and the uncertainty of adverse rulings on the undecided decertification issue, failure on the merits remains possible. Moreover, depending on the outcome of this litigation, an appeal to the Fifth Circuit is likely. Thus, based

upon the uncertainty of the eventual outcome of this litigation, the fourth factor weighs in favor of finding that the settlement of this action is fair, adequate and reasonable.

(5) Range of Possible Recovery - As discussed above, each eligible class member will receive will receive a pro-rata share in back pay equivalent to a certain percentage of the back pay in dispute, described in detail in the Settlement Agreement and Release. Kristain Areana Vedol will be paid a fee for her efforts in prosecuting this case, as described in the Settlement Agreement and Release, to be paid out of the Gross Settlement Amount. Attorney's fees, as stated in the Settlement Agreement and Release, will also be paid out of the Gross Settlement Amount to Attorney, Kenneth D. St. Pe'. The Court has reviewed the Settlement Agreement and finds the total amount offered to each plaintiff is adequate, fair and reasonable and within range anticipated by the Court. Likewise, the total amount of attorney's fees and expenses sought by plaintiffs' counsel will not reduce any collective action member's damage award but, rather, will be paid to counsel separately, and only after each class member has been fully compensated. As discussed more fully below, these fees and expenses are not excessive or unreasonable, and the Court therefore finds that these fees and expenses are fair and reasonable.

(6) The Opinions of the Class Counsel, Class Representatives, and Absent Class Members - Class counsel, and class representatives as well as the defendants and their counsel, have approved the terms of the Settlement Agreement and have

joined in asking this Court for approval and agree that the proposed settlement is in the best interests of the parties involved. The settlement was arrived at after extensive negotiation by counsel. The Court is entitled to rely on the judgment of experienced counsel in its evaluation of the merits of a class action settlement. *Liger*, 2009 WL 2856246, at 4 citing *Cotton*, 559 F.2d at 1330. However, the Court must keep in mind that a potential conflict of interest always exists between an attorney and a class. *Id*. (citations omitted). Counsel for plaintiffs states that each plaintiff has been advised of the terms and amount of the settlement and each, have consented to participate in the settlement. The Court finds no evidence that plaintiffs' counsel has not worked in good faith to secure a good settlement.

As part of the fairness determination, the Court must also assess the reasonableness of the proposed attorney's fees and expenses sought by plaintiffs' counsel. *Legros*, at 3. The Fifth Circuit generally uses the lodestar method for determining reasonableness. *Id*. After calculating the lodestar, the district court may enhance or decrease the amount of attorney's fees based on the factors set forth in *Johnson v. Georgia Highway Exp., Inc*., 488 F.2d 714 (5th Cir. 1989). *Black v. SettlePou, P.C.,* 732 F.3d 492, 502 (5th Cir. 2013).

As noted above, the parties have submitted a Confidential Settlement Agreement and Release in this matter which set forth the amount of Attorney's fees which will be paid. Based on the calculations of the Court, all parties have agreed plaintiff's counsel is entitled to a total of 33% of the gross settlement amount for

attorney's fees, costs and expenses. The parties have not submitted documentation as to the total hours of attorney work performed by plaintiff' counsel or counsel's customary rate of pay. Nevertheless, given that contingency fee arrangements in this legal community are generally in excess of 33% [2], and attorney's fees and expenses are usually deducted from each plaintiff's total recovery, the Court finds the proposed award in this case, which is not to be deducted from any plaintiff's recovery, is fair and reasonable. As previously noted, a significant amount of time and effort has been expended in the two years this case has been pending. Accordingly, the Court finds the amount of attorney's fees agreed to by the parties in the settlement contract is fair and reasonable.

## **CONCLUSION**

For the reasons stated above, **IT IS RECOMMENDED** that the Joint Motion to Approve the Collective Action Settlement and to Dismiss with be GRANTED. [Rec. Doc. 53] and that this matter be dismissed with prejudice.

Because the parties have agreed on the payment of the settlement funds and attorneys' fees and there has been no objections to the settlement filed in the record, the Court hereby shortens the time period for objections set forth in 28 U.S.C.A. § 636(b)(1)(c). The parties have five (5) days to serve and file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this

---

[2] *Hebert v. Baker Hughes, Inc.*, 2016 WL 7029336, p. 4 (W.D. La.).

Report and Recommendation.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within five (5) days following the date of its service, shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *Douglass v. United Services Automobile Association*, 79 F.3d. 1415 (5th Cir. 1996).

Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

Signed this day 7th of September 2017 , at Lafayette, Louisiana.

_____
**CAROL B. WHITEHURST**
**UNITED STATES MAGISTRATE JUDGE**